**Lonnie Lee GARRETT, Appellant,**

v.

**The STATE of Texas.**

**No. PD–334–05.**

Court of Criminal Appeals of Texas.

April 25, 2007.

Abe Factor, Fort Worth, for Appellant.

Michael R. Casillas, Asst. Crim. D.A., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, PRICE, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ, joined.

We granted Lonnie Lee Garrett's first ground for review, in which he makes two distinct arguments: (1) the court of appeals erred in failing to address an issue not raised by him in his original brief, but upon which the court of appeals ordered supplemental briefing; and (2) the court of appeals' harm analysis regarding federal constitutional error in the jury charge was inadequate or incorrect. We affirm the judgment of the court of appeals.

## I. *Background*

While traveling on a rain-slicked road during early morning hours in Tarrant County, Garrett came upon an accident scene, where police and firefighters were placing flares and cones on the road. Testimony was admitted showing that Garrett was not traveling over the speed limit, but that he was traveling much faster than other drivers who had come upon the accident scene. Garrett's car slammed into the cones and hit a firefighter, who was wearing a reflective vest with "Arlington Fire Rescue" embossed on it. The firefighter suffered a broken leg, torn tendons, and knee and head injuries. Garrett failed field sobriety tests at the scene but passed the tests when administered to him an hour later. He refused to take a breath-alcohol test. Although charged with other and greater offenses, Garrett was convicted by a petit jury of aggravated assault of a public servant causing serious bodily injury. *See* TEX. PEN.CODE §§ 22.01(a)(1), 22.02(a)(1), (b)(2)(B).

On direct appeal, Garrett raised two complaints—that an unobjected-to error in the jury charge violated both federal and state law. Before issuing an opinion, the court of appeals issued two orders requesting supplemental briefing regarding the sufficiency of the evidence to convict, the later of which stated in pertinent part:

"Aggravated assault of a public servant is a result-oriented offense. There are

two requisite mental states for the offense in this cause—recklessly and knowingly. * * * * The Court requests briefing concerning the evidence that Appellant acted recklessly after he became aware that the person who could be injured was a public servant. That is, if Appellant consciously disregarded a substantial risk that he would cause serious bodily injury to a public servant, what acts evidence this conscious disregard? *See* TEX.R.APP. P. 38.7."

The parties submitted supplemental briefs as requested,[1] but the court of appeals did not address the factual sufficiency of the evidence in its written opinion. *Garrett v. State*, 159 S.W.3d 717 (Tex.App.-Fort Worth 2005). Garrett complains now that the court of appeals was required to do so. Garrett also complains that the court of appeals did not adequately address why the federal due process error in the charge was harmless. We address these arguments in turn.

## II. *May an appellate court choose not to address a matter when the court requests briefing upon the matter on its own motion?*

█ Rule 47.1 of the Rules of Appellate Procedure requires that an appellate court "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." Rule 38.7 provides that "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."

The parties suggest that our resolution of the first part of Garrett's ground for review hinges on a construction of these two rules. Garrett argues that these two rules *required* the court of appeals to address the factual sufficiency of the evidence in its written opinion. The State does not necessarily disagree, but argues that requiring a court of appeals to, in effect, grant a supplemental issue for review by the mere request for supplemental briefing would constrain courts of appeals from asking for briefing on matters upon which it has some concern but which were not raised in the original brief.

Resort to these two rules, whether considered individually or together, does not fully resolve the complaint before us. Therefore, we construe these two rules in the framework of the Rules of Appellate Procedure as a whole and in light of the court of appeals' orders for supplemental briefing in this case. *See Rochelle v. State*, 791 S.W.2d 121, 124 (Tex.Crim.App.1990) (where resolution of issue cannot be achieved by resort to any one rule of appellate procedure, the appellate court will look to the interplay of several rules in determining correct result).

Because the court of appeals' orders ordering briefing on the sufficiency of the evidence did not grant or even impliedly grant a supplemental issue for review, we conclude that Rule 38.1(e) controls the resolution of Garrett's complaint. Rule 38.1 requires that an appellant designate all issues for review in the original brief. Indeed, Rule 38.1 allows an appellant to present whatever issues for review he or she desires, with very few limitations. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim.App.1990) (once an appellate court has jurisdiction over a case, the limits of the issues that the court may address are set only by that court's discretion and any valid restrictive statute). Thus, an appel-

---

1. In his first supplemental brief, Garrett asserted that the evidence of recklessness was factually insufficient to support his convic-
tion; he did not argue or suggest that the evidence was legally insufficient.

lant is the master of his or her own destiny with respect to what issues the court of appeals is required to address within its written opinion. Had Garrett raised the sufficiency of the evidence in his original brief, or had the court of appeals explicitly granted the supplemental issue for review when it requested supplemental briefing, the court of appeals, pursuant to Rule 47.1, would have been required to address the issue concerning the factual sufficiency of the evidence in its written opinion. *See Rochelle*, 791 S.W.2d at 125 (policy of appellate rules is that all matters to be addressed must be raised in the original brief); *cf. Rogers v. City of Fort Worth*, 89 S.W.3d 265, 284 (Tex.App.-Fort Worth 2002, no pet.) (addressing supplemental issue in accordance with Rule 38.7 because the court granted the City leave to file a post-submission brief); *see also Randle v. State*, 878 S.W.2d 318, 319 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) (declining to address supplemental issue for review and noting that appellant gave no reason for failing to raise new complaint in original brief). In construing the rules of appellate procedure as a whole and the orders of the court of appeals, we hold that the court of appeals was not required to address the factual sufficiency of the evidence to sustain Garrett's conviction in its written opinion. *See Rochelle*, 791 S.W.2d at 125 ("[t]he idea that a party may force a new issue on an appellate court after briefs have been filed is foreign to the rules"); *see also Pena v. State*, 191 S.W.3d 133, 136 (Tex.Crim.App.2006) (it is well established that courts of appeals *may* review unassigned error); *see, e.g., Romero v. State*, 927 S.W.2d 632, 634 n. 2 (Tex.1996) (declining to address issue raised for the first time in post-submission brief).

### III. Did the court of appeals fail to adequately analyze Garrett's federal `due process complaint?

At the conference on the charge, the trial court asked Garrett whether he had any objection to the court's charge. Garrett replied that he did not. In the court of appeals, however, Garrett complained that an error in the charge violated state and federal law. Specifically, Garrett complained that the charge contained a presumption pursuant to Section 22.01(d) of the Texas Penal Code,[2] but did not contain an instruction to convert this mandatory presumption into a permissive presumption. The court of appeals held that the failure to include the instruction under Penal Code § 2.05[3] violated both state statutory law and federal constitutional law.

**2.** "[T]he actor is presumed to have known the person was a public servant ... if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant...."

**3.** § 2.05. Presumption

(a) Except as provided by Subsection (b), when this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

The court of appeals analyzed the unobjected-to error under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985), and concluded that Garrett did not suffer egregious harm. In doing so, the court of appeals reviewed only the evidence supporting the element upon which the presumption rested.[4] *See Garrett*, 159 S.W.3d at 721 (noting that Garrett made a *res gestae* statement that he hit a "firefighter" and that at no time during trial did Garrett contest that he knew complainant was a public servant).

Garrett's second half of his first ground for review complains that the court of appeals did not adequately analyze the harm flowing from his federal due process claim. This complaint appears to be two-fold. First, relying on a concurring opinion in *Carella v. California*, 491 U.S. 263, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989), Garrett implies that the error in the charge should not have been analyzed in the same way that courts ordinarily conduct harmless error review; and second, that the court of appeals' one-sentence holding relating to federal constitutional error in the jury charge, as set forth and emphasized here, was woefully inadequate.

Based upon our review of the entire record, we conclude that the omission of the section 2.05 instruction, although error, did not cause Appellant egregious harm. *Appellant also argues that the error constituted denial of due process, but in light of the record before us, we similarly hold that the error did not constitute a denial of due process.*

*Garrett*, 159 S.W.3d at 721 (emphasis added).

We address these arguments in turn.

A. *Should the error in the charge be subject to the standard harmless-error review?*

 Mandatory presumptions are unconstitutional because they relieve the State of the burden of proving every element of the offense beyond a reasonable doubt. *Francis v. Franklin*, 471 U.S. 307, 317, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 524, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Brown v. State*, 122 S.W.3d 794, 799 (Tex. Crim.App.2003). In this prosecution for aggravated assault of a public servant, the trial court properly instructed the jury

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

(b) When this code or another penal law establishes a presumption in favor of the defendant with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption, that:

(A) the presumption applies unless the state proves beyond a reasonable doubt that the

facts giving rise to the presumption do not exist;

(B) if the state fails to prove beyond a reasonable doubt that the facts giving rise to the presumption do not exist, the jury must find that the presumed fact exists;

(C) even though the jury may find that the presumed fact does not exist, the state must prove beyond a reasonable doubt each of the elements of the offense charged; and

(D) if the jury has a reasonable doubt as to whether the presumed fact exists, the presumption applies and the jury must consider the presumed fact to exist.

4. In his petition for discretionary review, Garrett complained that the court of appeals' harm analysis of the jury charge error under state law was erroneous.

that "the actor is presumed to have known the person assaulted was a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant." *See* TEX. PEN.CODE ANN. § 22.02(b). However, the jury charge did not include an instruction pursuant to Texas Penal Code § 2.05, which effectively converts a mandatory presumption into a permissive presumption.[5] The court of appeals implicitly held that the trial court's failure to include an instruction under section 2.05 of the Texas Penal Code was federal constitutional error. *See Garrett*, 159 S.W.3d at 721.

Relying on Justice Scalia's concurring opinion in *Carella v. California*, Garrett seems to argue that the jury charge error should have been analyzed as a fundamental error or a structural interference with his right to trial by jury and, therefore, automatic reversible error unamenable to harmless-error review. *See* Appellant's Brief on the Merits at 10, *citing Carella*, 491 U.S. at 268, 109 S.Ct. 2419. We disagree.

■ "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim. App.1997); *see also Johnson v. State*, 169 S.W.3d 223, 235 (Tex.Crim.App.2005) (noting the types of errors held to be structural by the United States Supreme Court). Because the majority in *Carella* clearly states that mandatory-presumption errors

in the jury charge are subject to harmless-error review, we hold that the court of appeals did not err in failing to hold that the error here was "structural" or "fundamental" error. The court of appeals' analysis focused only upon the evidence relating to the element upon which the erroneous presumption relied; that is, it did not conduct the ordinary entirety-of-the-record review, which often considers whether there was overwhelming evidence of guilt. We set forth the court of appeals' harmless-error analysis in its entirety below.

Our review of the evidence reveals that Appellant, a short time after Complainant was struck by Appellant's vehicle, referred to Complainant as a firefighter. Additionally, the record and statements of counsel do not indicate that Appellant's awareness that Complainant was a firefighter was a contested issue. Nor does the record indicate that Appellant's awareness that Complainant was engaged in the lawful discharge of his official duties was a contested issue at trial, although the record does not contain an admission that Appellant was aware of this circumstance. The record does reflect that Complainant was putting out cones and flares and dressed in distinctive clothing that Appellant recognized as that of a firefighter. It also reflects that two police cars and a fire engine, all with their emergency lights flashing, were visible at the accident scene at the time Appellant drove into it.

Based on the court of appeals' reasoning, which focuses exclusively on the evidence

---

5. A permissive presumption is not unconstitutional because "it allows, but does not require, the trier of fact to infer the elemental fact or ultimate fact from the predicate evidentiary fact or facts." *Willis v. State*, 790 S.W.2d 307, 310 (Tex.Crim.App.1990). A permissive presumption does not place the bur-

den on the accused to refute or disprove an elemental fact once the predicate facts have been established. *Id.* If a reviewing court determines that a rational trier of fact could make the connection permitted by the presumption, a permissive presumption is generally held to be constitutional. *Id.*

supporting the element upon which the mandatory presumption related, we are "confident that [that the] error did not play any role in the jury's verdict." *See Carella,* 491 U.S. at 270, 109 S.Ct. 2419 (Scalia, J., concurring). Accordingly, we hold that the court of appeals did not err in applying a harmless-error review of Garrett's federal constitutional error complaint. *See id.* at 266–67, 109 S.Ct. 2419.

B. *Did the court of appeals err in failing to adequately set forth its reasoning in its harmless-error analysis of Garrett's federal due process complaint?*

■ In *Jimenez v. State,* 32 S.W.3d 233, 238–39 (Tex.Crim.App.2000), we explained that when no objection is made in the trial court to federal constitutional error contained in the court's charge, an appellate court applies the *Almanza*[6] standard of review to determine whether the error demands reversal.

Among other arguments, the State urges that even if the court of appeals'

federal harmless-error analysis appeared to be conclusory, the standard of review for egregious harm under *Almanza* and the federal due process clause are the same; therefore, the court of appeals' error, if any, in failing to expound on the federal due process claim, was harmless because it would have produced the same result. We agree and see no reason to require the courts of appeal to repeat the same facts when applying the same standard of review to the same error under both state and federal law. *See* Tex.R.App. P. 47.1.

We affirm the judgment of the court of appeals.

JOHNSON, J., concurred.

---

6. *Almanza v. State,* 686 S.W.2d at 171.