SCOTT K. FIELD, Justice,
concurring.
The Court requested supplemental briefing on whether the evidence is suffi-eient to support appellant’s conviction. I would not have joined in that request had I been on the panel at that time. Appellant never argued sufficiency of the evidence in her original brief and therefore has not preserved this ground for appeal. See Tex.R.App. P. 38.1(f); Rochelle v. State, 791 S.W.2d 121, 124-25 (Tex.Crim.App.1990) (“[Sjtated policy of the rules [of appellate procedure is] that all matters be raised in the original brief.”). The Court’s request for additional briefing did not “grant or even impliedly grant a supplemental issue for review”; thus, this Court is not required to address the sufficiency of the evidence, and I believe it should decline to do so in this case. See Ganett v. State, 220 S.W.3d 927, 928-29 (Tex.Crim.App.2007) (concluding that appellate court not required to address issues not raised in original brief, even when court requests supplemental briefing).
I concur in the majority’s analysis of the issues raised in appellant’s original brief and the judgment of the Court.[1]

. I express no opinion about the sufficiency of the evidence.