ACCEPTED
07-14-00175-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
2/19/2015 1:17:57 PM
Vivian Long, Clerk

# IN THE COURT OF APPEALS FOR THE
# SEVENTH DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| **ADAM CLEMENTSON,** | § | FILED IN<br>7th COURT OF APPEALS<br>AMARILLO, TEXAS |
| **APPELLANT** | § | 2/19/2015 1:17:57 PM |
|  | § | VIVIAN LONG |
|  | § | CLERK |
| **V.** | § | **NO.   07-14-00175-CR** |
|  | § |  |
| **THE STATE OF TEXAS,** | § |  |
| **APPELLEE** | § |  |

APPEALED FROM CAUSE NUMBER 1274535D IN THE 396TH JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE GEORGE GALLAGHER, PRESIDING.

### § § §
### STATE'S BRIEF
### § § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR
Assistant Criminal District Attorney
Chief, Post-Conviction

The State requests oral argument only if this Court grants oral argument to Appellant.

JOHN E. MESKUNAS
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-3109
FAX (817) 884-1672
State Bar No.  24055967
COAAppellateAlerts@TarrantCountytx.gov

WILLIAM VASSAR
Assistant Criminal District Attorney

# TABLE OF CONTENTS

PAGE

INDEX OF AUTHORITIES.................................................................................. iii

THE CASE IN BRIEF ........................................................................................1

STATEMENT REGARDING ORAL ARGUMENT ............................................2

STATEMENT OF FACTS ..................................................................................3

OUTLINE OF STATE'S RESPONSES................................................................5

STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR........................6

      ARGUMENT..............................................................................................7

      I.  The complained-of presumption was not mandatory.................................7

          A.  Under Texas law, an appellate court construes any statutory
              presumption as permissive if the trial court incorporated the
              language of Section 2.05 of the Texas Penal Code in the
              jury charge ........................................................................................7

          B.  The jury charge incorporated the language of Section 2.05
              of the Texas Penal Code........................................................................9

      II.  Witness testimony along with the video of the skirmish provided
          enough evidence to allow the jury to make the constitutionally-valid
          presumption that Appellant knew the uniformed officer he
          pushed into the window was a public servant ........................................11

      III.  Alternatively, inclusion of the presumption was harmless ....................14

CONCLUSION AND PRAYER .........................................................................17

i

CERTIFICATE OF COMPLIANCE ........................................................................18

CERTIFICATE OF SERVICE ...............................................................................18

ii

# INDEX OF AUTHORITIES

CASES                                                                                              PAGE(S)

*Alexander v. State*,
 757 S.W.2d 95 (Tex. App.—Dallas 1988, pet. ref'd) .........................................14

*Bellamy v. State*,
 742 S.W.2d 677 (Tex. Crim. App. 1987) ...................................................*passim*

*Fuentes v. State*,
 991 S.W.2d 267 (Tex. Crim. App. 1999) ........................................................14

*Garrett v. State*,
 220 S.W.3d 926 (Tex. Crim. App. 2007) ..........................................8, 11, 14, 15

*Hutch v. State*,
 922 S.W.2d 166 (Tex. Crim. App. 1996) ........................................................15

*Stevens v. State*,
 234 S.W.3d 748 (Tex. App.—Fort Worth 2007, no pet.).................................13

*Ulster County Court v. Allen,*
 442 U.S. 140, 157, 99 S. Ct. 2213, 2224 (1979) ................................................11

*Willis v. State*,
 790 S.W.2d 307 (Tex. Crim. App. 1990) ................................................8, 10, 11


STATUTES

TEX. PENAL CODE § 2.05(d) (West 2011) .........................................................9, 14

TEX. PENAL CODE § 22.01(b)(1) (West 2011) ........................................................7

TEX. PENAL CODE § 22.01(d) ..........................................................................7, 14

TEX. R. APP. P. 39.1(b), (c), (d).............................................................................2

IN THE COURT OF APPEALS FOR THE
SEVENTH DISTRICT OF TEXAS

ADAM CLEMENTSON,               §
    APPELLANT                  §
                               §
                               §
V.                             §          NO.   07-14-00175-CR
                               §
THE STATE OF TEXAS,            §
    APPELLEE                   §

APPEALED FROM CAUSE NUMBER 1274535D IN THE 396TH JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE GEORGE GALLAGHER, PRESIDING.

TO THE HONORABLE COURT OF APPEALS:

## **THE CASE IN BRIEF**

THE CHARGE .............................................ASSAULT OF A PUBLIC SERVANT
(CR 7; RR 3:6)

THE PLEA ................................................................. NOT GUILTY
(CR 126, 141; RR 3:6)

THE VERDICT (JURY) ........................................................GUILTY
(CR 139, 141; RR 4:81-82)

THE PUNISHMENT (COURT)............ 5 YEARS TDCJ, SUSPENDED 2 YEARS
(CR 141; RR 5:6)

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant complains the trial court reversibly erred by including a mandatory presumption in its jury charge. Because this issue has been authoritatively decided by the Texas Court of Criminal Appeals, because the facts and legal arguments are adequately presented in the briefs and record, and because oral argument would not significantly aid the decisional process, the State requests oral argument only if this Court grants oral argument to Appellant. *See* TEX. R. APP. P. 39.1(b), (c), (d) (West 2010).

## STATEMENT OF FACTS

Appellant's lifelong friend, Gareth Reese, was visiting Fort Worth from England. RR 4:13-14. During Reese's visit, the men decided to go out on the town and visit a few bars. RR 4:16. After several drinks, the men ended up at "Pete's Piano Bar." RR 4:16, 25-27.

Sergeant Boyd Latham and Officer Gary Hawley were working as security at "Pete's" that night. RR 3:83-84. Both officers were wearing their Fort Worth Police Department uniforms. RR 3:35, 57, 68-69. Latham chatted with Appellant as Appellant and Reese entered the bar. RR 3:66. Appellant and Reese went upstairs and had more drinks. RR 4:26-27. Later, the manager of "Pete's", John Guidry, summoned Latham and Hawley upstairs to deal with an aggressive patron; it was Reese. RR 3:85-86.

The officers conversed with Appellant and Reese briefly. RR 3:27, 4:28-29; SX 1(part 2). Hawley decided Reese was intoxicated. RR 3:86. Hawley twice instructed Reese to leave, but Reese refused. RR 3:86. Hawley took control of Reese and escorted him toward the exit. RR 3:86-87; SX 1 (part 2). Latham followed. SX 1(part 2).

As Hawley escorted Reese toward the exit, Reese jerked his arm free. RR 3:90. Because Reese tried to thwart Hawley's attempt to remove him from the bar, Hawley took Reese to the floor to arrest him for public intoxication. RR 3:90, 110, 112. Latham moved to assist with the arrest. RR 3:59. Appellant watched the ensuing struggle and then attacked, pushing Latham into a window and injuring him. RR 3:14-15, 66; SX 1 (parts 1, 2).

# OUTLINE OF STATE'S RESPONSE

**State's reply to Appellant's sole point of error**

Appellant complains the trial court erred by including an unconstitutional mandatory presumption in its charge to the jury. *Appellant's Brief* 21. Alternatively, Appellant complains the evidence does not rationally connect Latham's wearing of his police uniform to the presumption that Appellant knew Latham was a public servant because no evidence exists showing Appellant actually saw the uniform. *Appellant's Brief* 15-17.

When, as here, the jury charge incorporates the language of Section 2.05 of the Texas Penal Code, any statutory presumption is permissive rather than mandatory. And, the evidence rationally connected the predicate and presumptive facts. Alternatively, the trial court's inclusion of the presumption was harmless.

## STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR

**Appellant's contention**

Appellant complains the trial court erred by including an unconstitutional mandatory presumption in its charge to the jury. *Appellant's Brief* 21. Alternatively, Appellant complains the evidence is insufficient to connect Latham's wearing of his police uniform to the presumption that Appellant knew Latham was a public servant because no evidence exists showing Appellant actually saw the uniform. *Appellant's Brief* 15-17.

**State's reply**

When, as here, the jury charge incorporates the language of Section 2.05 of the Texas Penal Code, any statutory presumption is permissive rather than mandatory. And, the evidence sufficed to allow the jury to make the constitutionally-valid presumption that Appellant knew Latham, the uniformed officer he pushed into the window, was a public servant. Alternatively, the trial court's inclusion of the presumption was harmless.

**Argument**

**I.    The complained-of presumption was not mandatory.**

   **A.  Under Texas law, an appellate court construes any statutory presumption as permissive if the trial court incorporated the language of Section 2.05 of the Texas Penal Code in the jury charge.**

The State charged Appellant with assault of a public servant. CR 7. Assault is normally a misdemeanor; however, if an actor commits assault against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant, the assault is elevated to a third degree felony. TEX. PENAL CODE § 22.01(b)(1) (West 2011). If the public servant wore his uniform, the actor is presumed to have known the person assaulted was a public servant. TEX. PENAL CODE 22.01(d).

Appellant complains that Section 22.01 of the Texas Penal Code contains an unconstitutional mandatory presumption; therefore, the trial court erred by including the presumption in its charge to the jury. *Appellant's Brief* 21. "Mandatory presumptions are unconstitutional because they relieve the State of the burden of proving every element of the offense beyond a reasonable doubt."

7

*Garrett v. State*, 220 S.W.3d 926, 930 (Tex. Crim. App. 2007). A permissive presumption, on the other hand, remains constitutional because it "allows, but does not require, the trier of fact to infer the elemental fact or ultimate fact from the predicate evidentiary fact or facts." *Id.* at 931 n.5 (quoting *Willis v. State*, 790 S.W.2d 307, 310 (Tex. Crim. App. 1990)).

All statutory presumptions in Texas are construed as permissive as long as the jury charge adequately incorporated Section 2.05 of the Texas Penal Code. *Bellamy v. State*, 742 S.W.2d 677, 682 (Tex. Crim. App. 1987). Texas Penal Code Section 2.05 provides:

> if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:
>
> (A)   that the facts giving rise to the presumption must be proven beyond a reasonable doubt;
>
> (B)   that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;
>
> (C)   that even though the jury may find the existence of such element, the state must prove

beyond a reasonable doubt each of the other elements of the offense charged; and

    (D)   if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

TEX. PENAL CODE § 2.05 (West 2011).

### B.   The jury charge incorporated the language of Section 2.05 of the Texas Penal Code.

The charge contained the presumption found in Section 22.01 of the Texas Penal Code. CR 130. That is, the jury was instructed that Appellant "is presumed to have known the person assaulted was a public servant if he was wearing a distinctive uniform or badge indicating his employment as a public servant." In the next paragraph, the jury was instructed relative to this presumption as follows:

    (A)   that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

    (B)   that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

    (C)   that even though the jury may find the existence of such element, the state must prove beyond a reasonable

9

> doubt each of the other elements of the offense charged; and
>
> (D)   if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose

CR 130-31.

Appellant concedes the jury charge incorporated the language of Section 2.05 of the Texas Penal Code. *Appellant's Brief* 13; *compare* TEX. PENAL CODE §2.05 *and* CR 130-31(trial court's charge to the jury). However, Appellant argues that the use of the phrase "is presumed" makes the presumption mandatory regardless of the incorporation of Section 2.05. The Texas Court of Criminal Appeals addressed this very issue in *Willis v. State*, 790 S.W.2d 307, 310-12 (Tex. Crim. App. 1990).

In *Willis*, the appellant argued, as Appellant argues here, that regardless of the incorporation of Section 2.05, the presumption in the jury charge was unconstitutionally mandatory. *See Willis*, 790 S.W.2d at 310-11. In overruling the appellant's complaint, the Texas Court of Criminal Appeals held that "notwithstanding the improper introductory language in the charge under consideration, [because of the incorporation of the language of Section 2.05] a

10

reasonable juror would understand that he or she was free to accept or reject the presumption making it a permissive presumption." *Id.* at 311.

The charge in the present case incorporated the same language making the presumption permissive as that in *Willis*. *Compare Willis*, 790 S.W.2d at 311 *and* CR 130-31. Therefore, the presumption in this case is permissive, and the trial court did not err by including the permissive instruction in its charge to the jury. *See Garrett*, 220 S.W.3d at 931 n.5 (permissive presumptions not unconstitutional); *Bellamy*, 742 S.W.2d at 682 (presumption is deemed permissive when jury charge incorporates language of Texas Penal Code Section 2.05). Therefore, this Court should overrule Appellant's point of error.

**II.     Witness testimony along with the video of the skirmish provided enough evidence to allow the jury to make the constitutionally-valid presumption that Appellant knew the uniformed officer he pushed into the window was a public servant.**

In *Ulster County Court v. Allen*, the United States Supreme Court determined that when reviewing a permissive presumption the party challenging the constitutional validity of the presumption must prove that it is invalid "as applied to him." 442 U.S. 140, 157, 99 S. Ct. 2213, 2224 (1979). An appellate court judges the validity of the application of a permissive presumption by

11

examining the facts of the particular case and determining whether it can be said with substantial assurance that a rational trier of fact could make the connection permitted by the presumption. *Bellamy*, 742 S.W.2d at 682–83. This means a jury cannot simply make a permissive presumption because of the existence of the predicate fact; there must be a rational connection between the predicate fact and the presumptive fact. *Id.*

Appellant complains that the jury's application of the permissive presumption was not constitutionally valid because conditions in the bar (lighting, noise, distractions, etc.) made it possible that he did not see the police uniforms; therefore, there was no rational connection between Latham's wearing of his uniform and the presumption that Appellant knew Latham worked as a public servant. *Appellant's Brief* 15-17. The jury received the following evidence connecting the predicate and presumptive facts:

- Latham wore his police uniform while working at the bar that night. RR 3:35, 57, 68-69.

- Latham sat at the entrance of the bar. RR 3:84.

- Appellant spoke with Latham when Appellant entered the bar that night. RR 3:66.

12

- Upstairs, Latham and Hawley spoke with Appellant and Reese. RR 3:37 4:28-29; SX 1 (part 1).

- Latham spoke with Appellant for nearly a minute before Hawley escorted Reese toward the exit. RR 3:37 4:28-29; SX 1 (part 1).

- Bar manager, John Guidry, testified that Appellant watched the altercation develop between Reese and the uniformed police officers before attacking Latham. RR 3:13-14.

- On the video, Appellant watches Hawley and Latham escorting Reese toward the exit and attacks Latham approximately seven seconds after speaking with Latham. SX 1 (part 2: 1:08-:15).

- On the video, Appellant appears to be looking directly at Latham when he attacks him. SX 1 (part 1, 2).

- Appellant pushed Latham into the window. RR 3:19, 41; SX 1 (part 1).

- On the video, Appellant's attack on Latham took approximately six seconds. *See* SX 1(part 2: 1:15-:21).

- During the attack, bar employee, Kelly Davis, and other employees tried, unsuccessfully, to pull Appellant off of Latham. RR 3:19, 38, 41; SX 1 (part 1).

- In the video, Appellant is facing Latham while pushing him. SX 1 (parts 1, 2).

And, though Appellant denied knowing Latham's status as a police officer, the jury was free to disbelieve him. RR 4:21-22, 28-29, 32-34, *see Stevens v. State*, 234 S.W.3d 748, 780 (Tex. App.—Fort Worth 2007, no pet.) (jury, as sole judge of

13

credibility of witnesses, is free to believe or disbelieve all or any part of witness' testimony); *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (when faced with conflicting evidence appellate court presumes jury, as sole trier of fact, resolved any conflict in favor of the prosecution).

Based on the record as a whole, it can be said with substantial assurance that the predicate and presumptive facts are rationally connected. As such, the jury's permissive presumption was constitutionally valid as applied to the facts of this case, and this Court should overrule Appellant's complaints. *See* TEX. PENAL CODE §§ 2.05, 22.01(d); *Bellamy*, 742 S.W.2d at 682–83 (permissive presumption constitutionally valid when some evidence connects predicate and presumptive facts).

## III. Alternatively, inclusion of the presumption was harmless.

Error relating to a mandatory presumption in a jury charge is subject to harmless error review. *Garrett*, 220 S.W.3d at 931. When inquiring whether a mandatory presumption caused harm where the error was preserved, the relevant inquiry is whether a reasonable juror "could have given the presumption conclusive or persuasion-shifting effect." *Alexander v. State*, 757 S.W.2d 95, 100

14

(Tex. App.—Dallas 1988, pet. ref'd). Should this court find the trial court committed error in its jury charge by including an unconstitutionally-mandatory instruction, the error was harmless.

Immediately following the complained–of language, the jury charge included language instructing the jury that they were allowed (rather than required) to make the presumption if certain circumstances existed. CR 130-31 ("[I]f such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find."); *see Garrett*, 220 S.W.3d at 930 (Section 2.05 instruction "effectively converts a mandatory presumption into a permissive presumption"). The charge also informed the jury that even if these circumstances existed, they were free to disregard the presumption should they so choose. *Id*. The record does not contain any evidence that the jury did not follow this instruction. *See Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) (appellate court presumes jury understood and followed the court's charge absent evidence to the contrary). Further, the evidence of Appellant's guilt (testimony and video showing Latham was in his Fort Worth Police Department uniform and Appellant spoke to Latham

15

seconds before attacking him) was overwhelming. *See* RR 3:13-14, 35, 37, 57, 66, 68-69; 4:28-29; SX1.

Because the charge informed the jury it was free to ignore the presumption, and because the State presented overwhelming evidence of Appellant's guilt, the jury would have found Appellant guilty beyond a reasonable doubt without the complained-of presumption. As such, any error in the inclusion of the complained-of presumption was harmless, and this Court should overrule Appellant's point of error.

## CONCLUSION AND PRAYER

Because the jury charge incorporated the language of Section 2.05 of the Texas Penal Code, any statutory presumption is permissive rather than mandatory. *Bellamy*, 742 S.W.2d at 682. Further, because the record evidence sufficed to allow the jury to rationally connect the predicate and presumptive facts, the jury's application of the presumption was constitutionally valid. *Id.* at 682–83. Alternatively, any error in the inclusion of the complained-of instruction was harmless. Accordingly, the State prays this Court will overrule Appellant's complaints and affirm the judgment of the trial court.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR
Assistant Criminal District Attorney
Chief of Post-Conviction

/s/ John E. Meskunas
JOHN E. MESKUNAS
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201

17

(817) 884-3109
FAX (817) 884-1672
State Bar No.  24055967
COAAppellateAlerts@TarrantCountytx.gov

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.  This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i) because it contains 2,671 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1), as computed by the computer software used to prepare the document.

/s/ John E. Meskunas
JOHN E. MESKUNAS

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been electronically served on opposing counsel, the Hon. Wm. Reagan Wynn, rwynn@kearneywynn.com, Kearney/Wynn, One Museum Place, 3100 W. 7th St., Ste. 420, Fort Worth, TX 76107, on this, the 19th day of February, 2015.

/s/ John E. Meskunas
JOHN E. MESKUNAS