

# IN THE
# TENTH COURT OF APPEALS

No. 10-14-00019-CR
No. 10-14-00020-CR
No. 10-14-00384-CV
No. 10-14-00385-CV

**MARK KEN TAFEL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the County Court
Hamilton County, Texas
Trial Court No. 15291 and 15292

# O R D E R

In Cause Nos. 10-14-00019-CR and 10-14-00020-CR, this Court affirmed Mark Ken

Tafels's convictions for the offense of unlawful carrying of a handgun by a license holder.

On September 30, 2016, Tafel filed a motion for rehearing. In the motion for rehearing,

Tafel raises five issues, including an issue on double jeopardy. In the discussion on

double jeopardy, Tafel states that at the urging of the court he addressed whether one of

his convictions is barred by double jeopardy in a supplemental issue. He notes that the majority opinion did not address the issue of double jeopardy in its opinion. On rehearing, Tafel requests the Court to address the issue of double jeopardy.

The Court did not grant a supplemental issue for review. *Garrett v. State*, 220 S.W.3d 926, 928 (Tex.Crim.App. 2007). Therefore, this Court was not required to address the issue of double jeopardy or other issues raised for the first time in the supplemental brief to sustain the convictions. *Garrett v. State*, 220 S.W.3d at 929. We deny Tafel's motion for rehearing in Cause Nos. 10-14-00019-CR and 10-14-00020-CR. In addition, we have considered Tafel's motion for rehearing in Cause Nos. 10-14-00384-CV and 10-15-00385-CV, and we deny the motion for rehearing.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray dissenting)*
Motions Denied
Order delivered and filed November 9, 2016

*Chief Justice Gray dissents to the denial of the motion for rehearing in these four proceedings. A separate opinion will not issue. He provides this note, however, to address various issues that have arisen in the disposition of this proceeding. In my dissenting opinion originally issued on August 31, 2016 and reissued on September 7, 2016, I explained in some detail why I thought we should address the issues on which we requested supplemental briefing. The case cited by the Court may hold that we are not required to address issues that we requested supplemental briefing on and for which the

parties provided extensive briefing. But nevertheless, as I explained in my dissenting opinion, I think we deprive the appellant of due process by having requested it, and thereby impliedly granting the filing of a supplemental brief raising the issue. Alternatively, the appellant must do what otherwise must seem like a totally useless act; request leave to file a supplemental brief on an issue that the Court requested a supplement brief be filed addressing that issue. But I digress. Obviously I would not even reach the double jeopardy issue in this case because the evidence is legally insufficient to meet the State's burden to prove the elements of the offense or to overcome the defense, if it is a defense and not an element, of the lack of effective notice. I must also comment on why it was necessary for me to reissue my dissenting opinion. Normally I do not use names of individuals in my opinions when the name is not otherwise necessary to clearly explain the events. In this instance I felt that due to the long period of time this case had been pending, the changes in the various individuals involved in the proceeding due to recusals, as well as the change in which level of court was handling the case, it was necessary for me to use the name of the elected district attorney, B.J. Shepherd. Moreover, it was important to use the name and not just his elected position because after a long and distinguished career, B.J. Shepherd has decided to retire and has not sought re-election. His very capable assistant, Adam Sibley, did seek election to the office of the 220th District Attorney covering Hamilton, Bosque, and Comanche Counties. Accordingly, because it appears the life of this case will extend beyond B.J. Shepherd's tenure in office I thought it was particularly appropriate to identify him by name, in addition to his title. Notwithstanding my effort to thus acknowledge and distinguish his role in the case, I misspelled his name and upon discovery thereof felt compelled to correct it as quickly as possible thus leading to the dissenting opinion being reissued on September 7, 2016, only one week after the original dissenting opinion was issued

