

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00099-CR

---

KIEL EDWARD SCHIEFFER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 082986-D-CR, Honorable Steven Denny, Presiding

---

November 6, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Kiel Edward Schieffer was arrested after EMS personnel and police officers found him in a backyard while he was wearing only underpants; he had originally been found there "butt naked." Three officers in full uniform arrested him and, thereafter, transported him to a hospital. That he could communicate was exemplified by uttering his name when officers asked. And, while less than cooperative, he repeatedly inquired of those policemen why they were there or what he had done. Once at the hospital, appellant remained uncooperative and ultimately struck one officer in the face as they

attempted to restrain him in a hospital bed. The blow resulted in appellant's being indicted and eventually convicted for assaulting a peace officer. Three issues pend for review. They involve 1) the sufficiency of the evidence, 2) a purported comment on the weight of the evidence, and 3) the trial court's compliance with the jury's request to see previously admitted exhibits. We affirm.

### Issue One—Sufficiency of the Evidence

Appellant initially contends that insufficient evidence supports his conviction. The supposed deficiency concerns proof that he knew the officers were officers and the voluntariness of his blow. Allegedly, he "was apparently suffering form [sic] heat exhaustion, not drunkenness," and experiencing pain caused by the handcuffs and an earlier tasing. We overrule the issue.

The standard of review is well settled and described in *Baltimore v. State*, 689 S.W.3d 331 (Tex. Crim. App. 2024). We apply it here.

Next, one commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. 22.01(a)(1). The offense constitutes a felony of the second degree if committed "against a person the actor knows is a peace officer . . . while the officer . . . is lawfully discharging an official duty . . . ." *Id.* at § 22.01(b-2).

With the foregoing elements of the crime in mind, we turn to the record and encounter evidence illustrating that the officer struck was one of three in full uniform. Their being in full uniform triggers the presumption that appellant knew they were public servants. *See id.* at 22.01(d) (stating that "the actor is presumed to have known the person assaulted was a public servant . . . if the person was wearing a distinctive uniform

2

or badge indicating the person's employment as a public servant . . . ."[1]  Moreover, those public servants had informed him of their intent to conduct an arrest, and he questioned them about their reasons for doing so.  One can reasonably infer from that his comprehension of the status of those with whom he struggled, especially given the other evidence of being handcuffed and placed in a clearly marked police vehicle.  Save for Gomer's conducting the "citizen's arrest" in the "Andy Griffith Show," police (as opposed to non-public servants) generally arrest, handcuff, and detain suspects in their vehicle.

When the assault occurred, appellant had already been in the custody of the officers for some time.  Again, he struck or kicked one of them as they tried to restrain him to a hospital bed.  Evidence indicates that the blow landed on the officer's nose, resulting in a mark and pain.

The foregoing evidence coupled with the § 22.01(d) presumption permitted a rational fact finder to infer, beyond reasonable doubt, that appellant, at the very least, recklessly committed the charged offense.  *See Oiler v. State*, 77 S.W.3d 849, 852-53 (Tex. App.—Corpus Christi 2002, pet. ref'd) (holding that the State proved appellant assaulted a public servant when kicking the officer as the officer attempted to effectuate an arrest and the officer testified he was injured when kicked).  Moreover, the jury was free to ignore appellant's suggestion he acted from heat exhaustion, rather than intoxication or confusion.  *See Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018) (stating that the jury is the trier of fact and free to accept or reject evidence proffered by the defendant).

---

[1] The trial court included the presumption in its jury charge.

### *Issue Two—Comment on the Weight of the Evidence*

Appellant next complains of an alleged improper comment on the weight of the evidence. The comment consisted of including the aforementioned § 22.01(d) instruction in the jury charge.[2] We overrule the issue.

To reiterate, statute provides that the accused "is presumed to have known the person assaulted was a public servant . . . if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant . . . ." TEX. PENAL CODE ANN. § 22.01(d). Normally, such an instruction is proper. *See Garrett v. State*, 220 S.W.3d 926, 930-31 (Tex. Crim. App. 2007) (involving the identical instruction found in § 22.02(c) and stating that "[i]n this prosecution for aggravated assault of a public servant, the trial court properly instructed the jury that 'the actor is presumed to have known the person assaulted was a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant.'").

Yet, instructing on a presumption may result in an improper comment on the evidence when the instruction constitutes a mandatory presumption. We see as much in *Brown v. State*, 122 S.W.3d 794 (Tex. Crim. App. 2003). There, the trial court included within its jury charge the statement that: "[i]ntent or knowledge may be inferred by acts done or words spoken before, during, or after the conduct in question." *Id.* at 797. Question arose as to whether this constituted an impermissible comment on the evidence. The Court of Criminal Appeals engaged in a lengthy discussion of when instructions

---

[2] The comment being in the form of an instruction within the charge, we consider it within the framework of potential charge error. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) (noting that the purported comment on the evidence appeared in the charge and holding not only that "all alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court" but also that "[a]ppellate review of purported error in a jury charge involves a two-step process" per *Almanza*).

become improper comments. In doing so, it observed that "[o]n the far end of the 'improper-judicial-comment' scale is a comment or instruction that states a mandatory presumption and thereby violates due process." *Id.* at 799. "Mandatory presumptions violate due process by shifting the burden of production of proof to a criminal defendant on a critical fact or element of the offense." And, therein lies the problem here.

Returning to *Garrett*, we encounter another observation by the Court of Criminal Appeals. It did recognize the propriety of including an instruction identical to that at bar within the charge. However, that recognition was followed by: "[h]owever, the jury charge did not include an instruction pursuant to Texas Penal Code § 2.05, which effectively converts a mandatory presumption into a permissive presumption."[3] *Garrett*, 220 S.W.3d at 931. Implicit within this is recognition that a § 22.01(d) instruction creates a mandatory presumption if not accompanied by an instruction under § 2.05. *See Demison v. State*, Nos. 11-15-00126-CR, 11-15-00127-CR, 2017 Tex. App. LEXIS 7821, at *7 (Tex. App.— Eastland Aug. 17, 2017, no pet.) (mem. op., not designated for publication) (holding that

---

[3] Per § 2.05(a):

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

TEX. PENAL CODE ANN. § 2.05(a)(2)(A)-(D).

5

"[w]ithout the required instructions from Section 2.05(a), the presumption in Section 22.01 is an unconstitutional, mandatory presumption"); *see also Clementson v. State*, 492 S.W.3d 802, 805-806 (Tex. App.—Amarillo 2016, pet. ref'd) (holding that the § 22.01(d) instruction there involved was not mandatory because the trial court also included within the charge the § 2.05(a) instruction); *accord Alvarado v. State*, No. 12-17-00105-CR, 2018 Tex. App. LEXIS 7647, at *11-12 (Tex. App.—Tyler Sept. 19, 2018, no pet.) (mem. op., not designated for publication) (explaining the difference between mandatory and permissive presumptions and holding inclusion of a § 22.01(d) instruction while omitting one under § 2.05(a) was error).

The trial court here omitted the § 2.05 instruction from its jury charge while incorporating that within § 22.01(d). In other words, it submitted a mandatory presumption. That effectively placed the court's words within the realm of an improper comment under *Brown*. Again, "a comment or instruction that states a mandatory presumption . . . violates due process." *Brown*, 122 S.W.3d at 799. So, in omitting the § 2.05 instruction while submitting one under § 22.01(d), the trial court imposed a mandatory presumption and, therefore, improperly commented on the evidence. That does not obligate us to reverse, however.

Charge error of the ilk at bar undergoes harm analysis, as explained in *Kirsch*. 357 S.W.3d at 649 (stating that "the degree of harm required for reversal depends on whether the error was preserved"). Since appellant objected below, we determine whether he suffered "some harm" from the mistake. *See Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) (stating that where charge error has been preserved reversal is required if the appellant suffered "some harm" from the error). That entails our consideration of

6

the error in light of four circumstances, those being 1) the entire jury charge, 2) the state of the evidence, 3) the jury arguments, and 4) any other relevant information within the record as a whole. *French v. State*, 563 S.W.3d 228, 235-36 (Tex, Crim. App. 2018). Furthermore, when jury charge error is preserved, the goal is to discern whether it was calculated to injure the rights of the defendant, that is, whether the defendant suffered some actual, as opposed to, theoretical harm. *Id.* at 237.

Regarding the state of the evidence touching upon appellant's knowledge about his victim's being a public servant, *see Garrett*, 220 S.W.3d at 931-32 (approving the focus exclusively on evidence supporting the element upon which the mandatory presumption related), we reiterate that 1) the officers were in uniform, 2) the interaction began in daylight and ended under hospital lights, and 3) appellant not only was aware of the officers' presence but also inquired into the basis of his arrest. The officers also placed him in handcuffs and walked him to their official vehicle. That coupled with the other pieces of evidence mentioned rises to the level of overwhelming on the question of whether appellant knew those he fought against were public servants. In short, its strains credulity to think he did not.

Next, appellant said nothing about not knowing the occupation of those with whom he struggled during his closing argument. Nor did the State broach that topic or the § 22.01(d) instruction.

As for other parts of the jury charge, the court instructed the jurors on the presumption of innocence, the need for each element to be established beyond reasonable doubt, and the State's burden to so establish those elements, beyond reasonable doubt. Indeed, the burden to prove guilt resting on the State was mentioned

at least twice.  So, the jurors were reminded of the State's need to prove "each" element, which includes appellant's knowledge.

Simply put, our review of the record and circumstances leads us to conclude that any harm arising from the inclusion of the § 22.01(d) charge while omitting that mentioned in § 2.05 was speculative at best.  Nothing supports a belief that the trial court's error was calculated to injure appellant's rights.  Thus, the mistake was harmless.

### *Issue Three—Undisclosed Response to Jury Request*

Appellant finally argues that the trial court reversibly erred when it delivered to the jury various photos and a video previously admitted into evidence.  The act came in response to a jury note requesting them as it deliberated guilt or innocence.  Neither the request nor the trial court's response (i.e., providing the evidence) was mentioned by the court until after the jury returned its verdict.  And, when disclosed in open court, no one complained.  We overrule the issue.

In briefing the matter, appellant spoke of structural error in general and proffered hypotheticals about a trial court giving jurors evidence **which had not been admitted** during trial.  Then, he simply ascribed the moniker "structural error" to the trial court action.  No authority was cited to support the proposition.  Nor did he attempt to explain why the trial court could not simply provide the items per article 36.25 of the Code of Criminal Procedure without first broaching the matter with the parties.  *See* TEX. CODE CRIM. PROC. ANN. art. 36.25 (stating that "[t]here shall be furnished to the jury upon its request any exhibits admitted as evidence in the case."); *see also*, *Dyba v. State*, 549 S.W.2d 178, 181 (Tex. Crim. App. 1977) (finding no error in the bailiff's delivering exhibits to the jury per its request even though the trial court did not respond to the inquiry in open court

8

because "[t]he jury was entitled to take to the jury room all exhibits properly admitted into evidence. Article 36.25 . . ." and to accomplish this "they would merely have to request the bailiff to bring them . . ."). Indeed, appellant mentioned neither articles 36.25 nor 36.27 of the same Code when briefing the issue.[4] Nor did he even suggest that the exhibits provided fell outside the scope of article 36.25. Rather, he briefly uttered discourse on structural error and tossed in inapposite hypotheticals.

It is not our duty to perform appellant's briefing duties. *Gravelle v. State*, No. 07-02-0510-CR, 2003 Tex. App. LEXIS 8401, at *2 (Tex. App.—Amarillo Sept. 25, 2003, no pet.) (mem. op., not designated for publication). He must support his issue with concise argument and pertinent legal authority. TEX. R. APP. P. 38.1(h). Having failed to do that here, he waived his complaint. *Gravelle*, 2003 Tex. App. LEXIS 8401, at *2.

We affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.

---

[4] Article 36.27 of the Code of Criminal Procedure specifies the manner in which a trial court must respond to communications from the jury. Moreover, objections regarding compliance with the article must be preserved for review. *Thompson v. State*, No. 02-18-00230-CR, 2019 Tex. App. LEXIS 1782, at *19 (Tex. App.—Fort Worth Mar. 7, 2019, pet. ref'd) (mem. op., not designated for publication); *Diehl v. State*, No. 04-07-00608-CR, 2008 Tex. App. LEXIS 4014, at *4-5 (Tex. App.—San Antonio June 4, 2008, no pet.) (mem. op., not designated for publication). Appellant uttered no objection either by contemporaneous objection or motion for new trial after the trial court disclosed its actions. So, assuming purported error implicating article 36.27 formed the basis of appellant's complaint, the matter went unpreserved. The same is true of any potential complaint founded on the violation of article 36.25. *Hickey v. State*, No. 06-07-00077-CR, 2008 Tex. App. LEXIS 494, at *5 (Tex. App.—Texarkana Jan. 24, 2008, no pet.) (mem. op., not designated for publication) (requiring preservation of a complaint based on article 36.25).