

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0378–13

### ROMAN RAMIREZ-MEMIJE, Appellant

**v.**

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

MEYERS, J., delivered the opinion of the Court in which KEASLER, HERVEY, COCHRAN, and ALCALA, JJ, joined. PRICE, J., filed a dissenting opinion in which KELLER, P.J., and WOMACK and JOHNSON, JJ., joined.

### O P I N I O N

Appellant, Roman Ramirez-Memije, was charged with fraudulent possession of identifying information under Texas Penal Code Section 32.51(b).[1] A jury found him guilty and sentenced him to three years' imprisonment. He appealed, arguing that the trial

---

[1]Unless otherwise specified, all future references to Sections refer to the Texas Penal Code.

court erred in failing to instruct the jury on voluntary conduct under Section 6.01 and on presumptions under Section 2.05 of the Penal Code, and erred in admitting testimony that he was from Mexico and was working illegally in the United States. The court of appeals reversed the trial court's judgment and remanded the case for further proceedings. *Ramirez-Memije v. State*, 397 S.W.3d 293 (Tex. App.–Houston [14th Dist.] 2013). The State filed a petition for discretionary review, which we granted to consider the following question:

> Is a defendant entitled to an instruction on voluntary possession when he claims he did not know the forbidden nature of the thing he possessed, or is his defense merely a negation of his knowledge of surrounding circumstances that is required by Section 6.03(b)?

We hold that Appellant was not entitled to the requested instruction, and we reverse the decision of the court of appeals. We remand the case to the court of appeals for consideration of Appellant's remaining issues.

## FACTS

Appellant received a credit-card skimming device from Dante Salazar and delivered it to Antonio Cercen, who worked as a waiter at a restaurant. Cercen used the skimmer to collect restaurant customers' identifying information and credit-card numbers and then returned the skimmer to Appellant. Several customers reported unauthorized credit-card purchases after dining at the restaurant, and an investigation revealed that all of the complaining customers had been waited on by Cercen. Cercen agreed to assist in the investigation, and agents set up a sting operation. The next time Appellant delivered

the skimmer to Cercen, agents found identifying information on the skimmer and arrested Appellant. Appellant then agreed to help agents and set up delivery of the skimmer to Salazar.

Appellant was indicted for fraudulent possession of identifying information. At trial, Appellant claimed that he did not know what the skimming device was and did not know what information it contained. He said that he did not receive any benefits from participating in the credit-card skimming operation. Appellant requested a jury charge regarding the requirement of a voluntary act or omission under Penal Code section 6.01.[2] The trial court denied his request. The instructions to the jury included the statutory language defining intent and knowledge found in Section 6.03.[3] The jury found Appellant guilty and sentenced him to three years' confinement.

## COURT OF APPEALS

Appellant appealed his conviction, claiming that the trial court erred by refusing to

---

[2]Penal Code Section 6.01 states:
(a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.
(b) Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

[3]Penal Code Section 6.03 states:
(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

include his requested jury instruction on voluntary conduct under Section 6.01 and an instruction on presumptions under Section 2.05. He also challenged the admission of testimony that he was from Mexico and was working illegally in the United States. The court of appeals looked to the plain language of Section 6.01(b) and determined that "the thing possessed" referred to the item of contraband prohibited by the statute. *Memije*, 397 S.W.3d at 298. The court reasoned that, because there is no offense for possession of the skimmer, "the thing possessed" here must mean the identifying information. *Id*. The court of appeals stated that, although Section 6.01(b) contains an element of mens rea because it says "knowingly" and "aware of," the concepts of actus reus and mens rea are separate. *Id*. at 299. The court of appeals concluded that Appellant was entitled to a jury charge on voluntary act under Section 6.01(b) because there was evidence that he did not know that the skimmer contained identifying information, thus the evidence raised the issue of whether his possession was voluntary. *Id*. at 301. Finding some harm to Appellant, the court of appeals reversed the trial court's judgment and declined to address the remaining issues. *Id*. at 304.

## ARGUMENTS OF THE PARTIES

### State's Argument

The State argues that the court of appeals erred in concluding that Appellant was entitled to an instruction on voluntary possession. The State contends that, to establish unlawful possession, the State has always had to show that the accused knew that what he

possessed was contraband. Thus, according to the State, the question here is whether the requirement that the State prove a defendant's knowledge of the forbidden nature of the thing possessed is a function of mens rea or the general requirement of voluntariness. The State says that knowing you possess something is different from knowing that what you possess is contraband. The State cites the example that the "intent to harm or defraud" listed in the possession of identifying information offense is similar to the intent listed for forgery under Section 32.21, which requires knowledge that the item passed or possessed is forged. Thus, the State reasons that the fraudulent possession of identifying information also requires knowledge of the nature of the thing possessed. According to the State, the Model Penal Code says that the "thing possessed" refers to "the physical object, not to its specific quality or properties" and that "the extent to which the defendant must be aware of such specific qualities or properties is a problem of mens rea."

The State concludes that the knowledge of the nature of the thing possessed is a required culpable mental state and is different from voluntary conduct. Because it was undisputed that Appellant knowingly obtained or received the skimmer from Cercen, he was not entitled to an instruction on voluntariness.

***Appellant's Argument***

Appellant states that the court of appeals correctly determined that the requirement of a voluntary act under Section 6.01 is not subsumed by the mens rea requirement. Appellant argues that he was entitled to an instruction on voluntary conduct under Section

6.01(b) because the evidence raised the issue of whether his possession was voluntary. Appellant states that "if evidence raises a fact issue as to an accused's possession of contraband, the jury must be instructed on what constitutes possession under the law, which includes a §6.01(b) instruction, as well as a *mens rea* instruction." Appellant argues that if the issue is raised, both instructions must be given.

Appellant states that the court of appeals correctly interpreted the "thing possessed" as the contraband alleged in the indictment and notes that the indictment charged him with possession of identifying information, not with possession of the skimmer. Appellant concludes that the "trial court did not instruct the jury regarding the law of possession as enacted by the legislature in Texas Penal Code §6.01, either in its abstract portion or in the application section of the jury charge. Therefore, the jury was induced to believe that appellant was guilty, if he possessed the skimmer, whether he knew that the skimmer contained illegally obtained identifying information."

## CASELAW AND STATUTES

Penal Code Section 32.51(b) states that "A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent; . . . (b-1) For the purposes of Subsection (b), the actor is presumed to have the intent to harm or defraud another if the actor possesses: (1) the identifying information of three or more other persons." The jury charge here tracked the language from the statute and said,

"You are instructed that the defendant is presumed to have the intent to harm or defraud another if the defendant possesses the identifying information of three or more other persons."

During the jury charge conference, Appellant cited *Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006). Appellant said that the proper law to apply to possession is the law that has been established in drug cases and wanted the court to add a sentence to the jury charge stating that Appellant knew that the matter possessed was identifying information. Appellant focused on the part of *Evans* that said that the State must prove "that the accused knew the matter possessed was contraband" and wanted the trial court to instruct the jury that the State must prove that Appellant knew that the matter possessed was identifying information. After reviewing *Evans*, the trial court refused to include Appellant's requested instruction.

*Evans* discussed the necessity of linking the contraband to the accused to protect innocent bystanders, relatives, roommates, or friends from being convicted for possession due merely to their proximity to another's contraband. *Evans* analyzed the sufficiency of the evidence linking the defendant to drugs found during a police search of a house. We did not discuss Section 6.01(b) in that case because the issue in *Evans* was whether the defendant exercised care, custody, control, or management of the substance. Thus, the question in *Evans* was whether he actually possessed the contraband, not whether his possession of the contraband was a voluntary act.

We did discuss Section 6.01 in *Farmer v. State*, 411 S.W.3d 901 (Tex. Crim. App. 2013), in which we considered whether the trial court erred in failing to give an instruction on voluntary act. Farmer was convicted of driving while intoxicated. He argued that the jury should have been instructed on voluntary act under Section 6.01(a) because he presented evidence at trial that he believed that he was taking a different medication when he mistakenly took a sleeping pill. We concluded that Farmer was not entitled to an instruction on voluntary act because he voluntarily took a pill. We reasoned that the proper inquiry was whether Farmer voluntarily picked up and ingested prescription medication prior to driving. The consequences of Farmer's voluntary act of taking a pill may have been unintended because he accidently took the wrong pill, but the ingestion of a pill was a voluntary act.

## ANALYSIS

The general requirements for an offense to have been committed are an actus reus and a mens rea. Penal Code Section 6.01 covers actus reus and requires that a person voluntarily engage in an act, omission, or possession. Criminal responsibility is established if the person voluntarily engaged in the act, omission, or possession with the mental state required for the specific offense. TEXAS PENAL CODE § 6.02(a). While a voluntary act is usually some sort of bodily movement, possession is shown by care, custody, control, or management. *Id*. at §1.07(a)(39). Thus, knowingly receiving an object is a voluntary act under Section 6.01(b); knowing the forbidden nature of the

object that is knowingly possessed is the culpable mental state under Section 6.03.

Appellant's argument is that the possession was not a voluntary act because he did not know that the skimmer contained identifying information. We disagree. If there was evidence that the skimmer had been slipped into Appellant's bag without his knowledge, then there may be a question of voluntary possession and Appellant may have been entitled to an instruction regarding the requirement of a voluntary act. But here it is undisputed that Appellant knowingly had the skimming device, which contained the identifying information, in his possession. Appellant knowingly received the skimming device and knew that he was transferring the device. This satisfies the requirement of a voluntary act under Section 6.01.

Appellant said that he did not know that his conduct was illegal or that the device was contraband because he did not know what the device was or what was on the device. He said he did not receive anything in return for transferring the device between Cercen and Dante Salazar. The jury heard this testimony and the testimony of agents who said that Appellant told them that he was given cash and electronics for transferring the device. This evidence goes to the mens rea of intent to harm or defraud, upon which the jury was properly instructed.

For example, if a defendant were arrested while transporting a package for a friend and police determined that the package contained marijuana, the defendant could claim at trial that he did not know what the package contained, that he did not know the package

contained marijuana, or that he thought the package contained oregano, and that he did not knowingly or intentionally possess marijuana. The jury would then have to decide whether to believe his claim that he did not have the requisite mens rea for the possession of marijuana offense. *See* HEALTH AND SAFETY CODE §481.121(a). The defendant could not, however, claim that his possession of the package filled with marijuana was an involuntary act because he knowingly accepted the package from his friend.

## CONCLUSION

Appellant was not entitled to an instruction on voluntary conduct and the trial court did not err in denying Appellant's motion to include a 6.01 instruction. The judgment of the court of appeals is reversed, and the case is remanded for consideration of Appellant's remaining issues.

Delivered: September 17, 2014

Publish