

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-0421-14

---

**LEO DEMORY ROBINSON, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

---

KELLER, P.J., filed a concurring opinion in which HERVEY, YEARY and NEWELL, JJ., joined.

I join the Court's opinion, but I write separately to comment on appellant's claim that the authorities rebuffed his attempts to register and to respond to Judge Alcala's concerns relating to that claim. If authorities rebuff a sex-offender's repeated attempts to register, the sex offender may be able to claim an exemption from or defense to criminal liability on the basis that his failure to act was involuntary. The Penal Code provides that an omission that gives rise to criminal liability must

be voluntary.[1]  Due process may also require that the authorities not place significant hurdles to complying with a duty to register beyond those contemplated by the statute.[2]

Judge Alcala believes that applying a culpable mental state to a sex-offender's omissions would somehow eliminate the possibility of individuals being punished for omissions that are truly involuntary, but it would not. "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist."[3]  Even if a failure to comply with the registration statute is involuntary, the sex-offender who is rebuffed by public officials still knows that he is in fact failing to comply.  The solution is not to impose a culpable mental state where it does not belong, but to recognize, in an appropriate case, that the involuntary-omission requirement and due process are the mechanisms to address any stonewalling by public officials that prevents a sex-offender from

---

[1] TEX. PENAL CODE § 6.01(a) ("A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.").  *See also Ramirez-Memije v. State*, 444 S.W.3d 624, 627-28 (Tex. Crim. App. 2014).  I need not address what would make an omission involuntary, but I note that, in the "act" and "possession" contexts, voluntariness is a very minimal requirement.  *See Farmer v. State*, 411 S.W.3d 901 (Tex. Crim. App. 2013) (voluntary act of swallowing pill though mistaken about what pill was being swallowed); *Ramirez-Memije*, 444 S.W.3d at 627-28 (voluntary possession of skimming device without knowing its contents).

[2] *See Harrah I.S.D. v. Martin*, 440 U.S. 194, 198 (1979) (school district did not act arbitrarily when it gave teachers affected by change in rule the opportunity to bring themselves into compliance); *Balough v. Fairbanks N. Star Borough*, 995 P.2d 245, 263 (Alaska 2000) (junkyard operator "did not receive all the process to which she was due" when she was given no opportunity to remedy deficiencies in noncompliance after rezoning and after the overturning of zoning administrator's ruling in her favor).  Due process may also be violated if a statute makes it nearly impossible to comply with its provisions, but such is not the case with the Texas sex-offender registration scheme.

[3] TEX. PENAL CODE § 6.03(b).

complying with registration requirements.

Filed: July 1, 2015
Publish