ACCEPTED
12-14-00145-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/20/2015 4:14:25 PM
CATHY LUSK
CLERK

# WM. M. HOUSE, JR., P.C.

## Attorney at Law

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

7/20/2015 4:14:25 PM

CATHY S. LUSK
Clerk

Office: (903) 723-2077  Fax: (903) 723-6323  Residence: (903) 723-4213

July 20, 2015

Mr. Douglas Eugene McNeill
507 Drexel
Palestine, Texas 75801

**Re:  Douglas Eugene McNeill v. The State of Texas**
      **Case Number: 12-14-00145-CR**
      **Trial Court Case Number: 31264**

Dear Mr. McNeill:

Enclosed is a copy of the decision from the 12th Court of Appeals regarding referenced case.

I am required to explain to you that the next step in the appeal process is the filing of a Petition for Discretionary Review. Should you decide to file your own Petition, it needs to be postmarked within 30 days of the date of the opinion from the 12th Court of Appeals. The petition should be filed with the Texas Criminal Court of Appeals in Austin, and the address for that court is as follows:

Texas Criminal Court of Appeals
PO Box 12308
Austin TX 78711

Yours very truly,

Wm. M. House, Jr., P.C.
Attorney at Law

WMH:mj

7010 1670 0002 1295 1745



Post Office Box 1486                                    Palestine, TX 75802-1486

BOARD CERTIFIED IN CRIMINAL LAW BY THE TEXAS BOARD OF LEGAL SPECIALIZATION



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2015

NO. 12-14-00145-CR

**DOUGLAS EUGENE MCNEILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31264)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

# NO. 12-14-00145-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOUGLAS EUGENE MCNEILL,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Douglas Eugene McNeill appeals his conviction for possession of a controlled substance. He raises one issue on appeal. We affirm.

## BACKGROUND

An Anderson County grand jury indicted Appellant for the offense of possession of a controlled substance, namely, methamphetamine, in an amount less than one gram. Appellant pleaded "not guilty," and a jury trial was held. The jury found Appellant guilty, and assessed his punishment at fifteen months of confinement with a $1,000 fine. The trial court suspended Appellant's sentence and placed him on community supervision for five years.[1] This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends "[t]he evidence is insufficient to show that [he] knowingly possessed methamphetamine." In other words, Appellant argues that he "did not know the matter possessed was contraband." The State did not file a brief.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1) (West Supp. 2014).

## Standard of Review

When sufficiency of the evidence is challenged on appeal, we view all of the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, the jury is the sole judge of the witnesses' credibility and the weight of their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. A jury is permitted to draw multiple reasonable inferences, but it is not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

In determining whether the state has met its burden of proving the defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden or restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

As set forth in the indictment, the State was required to prove beyond a reasonable doubt that Appellant intentionally or knowingly possessed a controlled substance, namely, methamphetamine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010).

## Applicable Law

To prove unlawful possession of a controlled substance, the State must prove that the accused (1) exercised control, management, or care over the substance, and (2) knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2014) (defining possession as "actual care, custody, control, or management"). "Knowing possession" must usually be shown circumstantially. *See King v. State*, 895 S.W.2d 701, 705 (Tex. Crim. App. 2005) (Clinton, J., concurring).

Some factors indicating knowing possession include whether (1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the owner of the place where

the contraband was found; (3) the contraband was conveniently accessible to the accused; (4) the contraband was found in close proximity to the accused; (5) the accused possessed other contraband when arrested; (6) conduct by the accused indicated a consciousness of guilt; and (7) the accused was observed in a suspicious area under suspicious circumstances. *See Washington v. State*, 215 S.W.3d 551, 554 (Tex. App.—Texarkana 2007, no pet.). The aforementioned factors are not an exhaustive list, and it is their logical force, not the number of them, that is important. *See id.* Thus, we ask if there is evidence of circumstances, in addition to mere presence, that adequately justifies the conclusion that the defendant knowingly possessed the substance. *Id.* at 554–55.

### The Evidence

On January 20, 2012, Sergeant Lee Duren set up surveillance outside a local residence to effect an arrest warrant on Jennifer Churchman—an individual "extremely well-known" for trafficking methamphetamine. As he waited, a black Mustang, driven by Appellant, pulled up to the house and Churchman and her boyfriend entered the vehicle. Ultimately, Sergeant Duren conducted a traffic stop for failure to signal a turn. Sergeant Duren testified that Appellant exited the vehicle "rather quickly" to meet him at the back of the vehicle. Upon advising Appellant of the reason for the stop, Appellant told Sergeant Duren that Churchman and her boyfriend were with him. Sergeant Duren asked to look inside the vehicle and, after obtaining consent, found a "substantial amount" of methamphetamine inside a jacket where Churchman had been sitting.[2]

Sergeant Brian Chason arrived at the scene shortly thereafter and conducted a "pat-down" of Appellant. He found rolling papers, a brass "contraption" for smoking marijuana, and a package of synthetic marijuana inside Appellant's shirt pockets. He asked Appellant to remove the items in his pants pockets, and Appellant removed two "insulator" objects but no pill bottles. Later, Appellant advised Sergeant Chason that "something fell." Appellant then lifted his pant leg and an unlabeled white pill bottle rolled out. Sergeant Chason testified that he did not notice the pill bottle during his pat down and believed Appellant tried to hide it.

Sergeant Chason gave the pill bottle to Sergeant Duren. Sergeant Duren testified that he smelled marijuana when he opened it. He testified that in addition to marijuana, he found a baggie containing methamphetamine and an SD card inside the pill bottle. An examination of the SD card showed that it contained photographs of Appellant.

---

[2] Sergeant Duren testified that he asked Appellant whether there was any "dope" or drugs inside the vehicle. Appellant responded that he "didn't know."

During the defense's case in chief, Appellant's mother testified that she saw the pill bottle in their yard and told Appellant to remove it. Appellant also testified that he found the pill bottle in his parents' yard. According to Appellant, when he opened the pill bottle, he saw only marijuana, not methamphetamine.

Appellant's friend, Joshua Scales, testified that he remembered hearing Appellant's mother tell him to remove the pill bottle from the yard, and was with Appellant when he opened it. He testified that Appellant "pulled out" a baggie that appeared to have marijuana "or something maybe." Scales testified that after Appellant opened the bottle, Appellant's father "showed up," and "everything got slammed into the bottle," including the SD card, because Appellant did not want his father to see what was inside.

After the defense rested, the State re-called Sergeant Duren to testify. He testified that when they reached the jail, Appellant told him he found the pill bottle in the yard two days earlier and had forgotten to throw it away.

## Discussion

Appellant contends he did not know the matter he possessed was contraband.[3] He argues that he was not linked to the contraband because he (1) was not under the influence of the contraband, (2) did not make incriminating statements, (3) did not flee or make furtive gestures, (4) did not have a large amount of cash, and (5) did not act in such a manner as to indicate a consciousness of guilt. He further contends that his testimony is uncontradicted.

We first note that a fact finder is not required to believe uncontradicted testimony. *See Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); *see also Ramirez-Memije v. State*, 444 S.W.3d 624, 628 (Tex. Crim. App. 2014) (stating that jury would "have to decide whether to believe [the defendant's] claim that he did not have the requisite mens rea for [a] possession . . . offense). Moreover, when there are two permissible views of the evidence, the fact finder's choice between the inferences will be upheld unless clearly erroneous. *See Evans*, 202 S.W.3d at 163.

---

[3] Appellant does not challenge the sufficiency of the evidence relating to any other element of the offense. Accordingly, we limit our discussion to the issue of possession. *See* TEX. R. APP. P. 47.1.

4

The undisputed facts show that Appellant drove to a well-known drug dealer's home to take her and her boyfriend somewhere.[4] They further show that the drug dealer had a "substantial amount" of methamphetamine with her. Although Appellant took responsibility for the marijuana, the jury was entitled to disbelieve his testimony that he did not know anything about the methamphetamine. *See Triplett v. State*, 292 S.W.3d 205, 211 (Tex. App.—Amarillo 2009, pet. ref'd) ("A jury is entitled to disbelieve some or all of a witness's testimony[.]").

Here, the jury's role was to consider the evidence presented, and after considering that evidence in light of Appellant's testimony, determine whether he was telling the truth. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). The jury heard that Appellant was associating with a methamphetamine dealer; "quickly" exited his vehicle, which held a "substantial amount" of methamphetamine, upon being stopped for a traffic violation; and was hiding a pill bottle that contained methamphetamine before he was arrested. These facts justify the jury's conclusion that he knew he possessed contraband. *See Washington*, 215 S.W.3d at 554–55.

## Conclusion

After viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could reasonably infer that Appellant knowingly possessed contraband, specifically, methamphetamine. *See Brooks*, 323 S.W.3d at 895; *Poindexter*, 153 S.W.3d at 405. The evidence is legally sufficient to support Appellant's conviction for possession of a controlled substance. Accordingly, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered June 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[4] The court of criminal appeals distinguishes "uncontradicted testimony" from "undisputed facts." *See Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006) (Undisputed facts are "facts that both parties agree (or assume) are true[.]").