**Opinion issued June 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00736-CR

———————————

## ESSEABASI SAMUEL WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Case No. 1455285**

---

## O P I N I O N

Appellant, Esseabasi Samuel Williams, pleaded guilty to the offense of engaging in a group criminal activity, concerning the fraudulent use of identifying information, with an agreement that punishment would not exceed 30 years in

prison.[1]  Following a presentence investigation, the trial court found Appellant guilty and sentenced him to 30 years in prison.  In one issue on appeal, Appellant asserts that the trial court erred in denying his motion to quash the indictment for fraudulent use of identifying information based on his argument that Texas Penal Code section 32.51 is facially unconstitutional.

We affirm.

## Background

On January 22, 2015, Appellant was indicted for working with others to fraudulently misuse identifying information.  The indictment read as follows:

> Esseabasi Samuel Williams, [Appellant], . . . on or about January 23, 2013, did then and there unlawfully, with intent to establish, maintain and participate in a combination, and in the profits of a combination, . . . commit the offense of Fraudulent Use of Identifying Information, namely, in that he did unlawfully with the intent to defraud and harm another, obtain, possess, and use . . . identifying information, namely, the name, date of birth, and social security number of [names omitted], hereafter called the Complainant, without the Complainant's consent.

Appellant filed a motion to quash the indictment, asserting Penal Code section 32.51 is an overbroad, content-based restriction on speech.[2]  The trial court denied Appellant's motion.  Following the denial, Appellant pleaded guilty, and

---

[1]  *See* TEX. PENAL CODE ANN. § 32.51(b) (Vernon Supp. 2015).

[2]  Appellant also alleged, in his motion, that the statute is unconstitutionally vague and violates the Dormant Commerce Clause, but he does not raise these issues on appeal.

2

was sentenced to 30 years in prison. Appellant timely filed his notice of appeal the same day. Appellant now appeals. In one issue, Appellant challenges the trial court's denial of his motion to quash the indictment.

## Motion to Quash the Indictment

### A.     Standard of Review

We review de novo a trial court's ruling on a motion to quash an indictment. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Likewise, we review the constitutionality of a criminal statute de novo. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

### B.     Legal Principles

In assessing a constitutional challenge, the statute is presumed to be valid and the challenging party bears the burden to prove its unconstitutionality. *Id.* at 15; *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). While a general facial challenge requires the challenger to show the statute is unconstitutional in all its applications, under the First Amendment's "overbreadth" doctrine, a law may be unconstitutional on its face even if it might have some legitimate applications. *State v. Johnson*, 475 S.W.3d 860, 864–65 (Tex. Crim. App. 2015). The overbreadth of a statute must prohibit a substantial amount of protected expression relative to the statute's plainly legitimate sweep. *Ex parte Perry*, 483 S.W.3d 884, 902 (Tex. Crim. App. 2016) (citing *United States v. Williams*, 553 U.S. 285, 292,

128 S. Ct. 1830, 1838 (2008)). In addition, the danger that the statute will be unconstitutionally applied must be realistic and not based on fanciful hypotheticals. *Id.*

Additionally, when a criminal law restricts speech based upon content, the usual presumption of validity is reversed, and the government must rebut the presumption that a content-based restriction is invalid. *Ex parte Lo*, 424 S.W.3d at 15. If one must consider the content of the speech to decide if the speaker violated the law, then the regulation is content-based. *Id.* at 15 n.12.

## C. Analysis

Appellant asserts that the trial court erred in failing to quash his indictment for fraudulent use of identifying information. He contends that Penal Code section 32.51(b), the statute upon which his conviction was based, is an overbroad, content-based restriction on speech, and therefore violates the right to free expression of personal views guaranteed by the First Amendment. *See* U.S. CONST. amend. I; TEX. PENAL CODE ANN. § 32.51(b) (Vernon Supp. 2015).

Appellant acknowledges that this Court recently rejected the same arguments concerning Penal Code section 32.51 in *Horhn v. State*, 481 S.W.3d 363 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).[3] Consequently, we follow

---

[3] The Texas Court of Criminal Appeals refused petition in *Hohrn* on April 27, 2016. *Horhn v. State*, 481 S.W.3d 363 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

*Horhn* and affirm the trial court's denial of Appellant's motion to quash the indictment.

## 1. Penal Code section 32.51

Appellant argues that Penal Code section 32.51(b) is facially unconstitutional. Section 32.51 provides as follows:

> (b) A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of:
>
> > (1) identifying information of another person without the other person's consent;
> >
> > (2) information concerning a deceased natural person, including a stillborn infant or fetus, that would be identifying information of that person were that person alive, if the item of information is obtained, possessed, transferred, or used without legal authorization; or
> >
> > (3) identifying information of a child younger than 18 years of age.

TEX. PENAL CODE ANN. § 32.51(b). The Penal Code further defines "identifying information" to mean "information that alone or in conjunction with other information identifies a person," including name, date of birth, or government-issued identification number, among other types of information. *Id.* § 32.51(a)(1). The Penal Code also defines "harm" as meaning "anything reasonably regarded as loss, disadvantage, or injury. . . ." *Id.* § 1.07(a)(25) (Vernon Supp. 2015).

### 2. Section 32.51(b) Does Not Implicate the First Amendment and Is Not Unconstitutional as Decided in *Horhn*

In *Horhn*, this Court held that Penal Code section 32.51(b) does not implicate the free speech guarantees of the First Amendment. *Horhn*, 481 S.W.3d at 373–74. Initially, we explored the distinction between expressive conduct, such as photographs and visual recordings, and non-communicative conduct, such as harassing people by telephone. *Id.* While expressive conduct implicates the First Amendment, non-communicative conduct does not. *Id.* at 373–75. Here, we are concerned with how prohibited conduct fits into this schema.

Prohibited conduct can be divided into conduct intended to communicate and conduct intended to harm or harass. *Id.* Conduct is intended to communicate, and implicates the First Amendment protections, "if (1) there was an intent to convey a particularized message, and (2) the likelihood was great that the message would be understood by those who viewed it." *Id.* at 373 (citing *Ex parte Thompson*, 442 S.W.3d 325, 334 (Tex. Crim. App. 2014)). In other words, prohibited conduct implicates the First Amendment if the statute proscribes conduct intended to communicate an understandable message. *Id.* If, conversely, the defendant intends their conduct to harm or harass, then the statute focuses on the non-communicative part of the interaction, or the manner of communication, even if the conduct includes spoken words. *Id.* at 374–75 (citing *Scott v. State*, 322 S.W.3d 662, 669–70 (Tex. Crim. App. 2010), *abrogated on other grounds by*

6

*Wilson v. State*, 448 S.W.3d 418 (Tex. Crim. App. 2014)). Statutes prohibiting the harmful manner of communication do not implicate the First Amendment. *Id.* at 375.

In *Horhn*, we ultimately held that Penal Code section 32.51 regulates non-communicative conduct, which is not protected by the First Amendment. *Id.* at 375–76. Considering the statute's language, we held that section 32.51 requires the specific intent to harm or to defraud and does not specifically reference spoken words or other communicative conduct. *Id.* "The type of conduct prohibited by section 32.51(b)—obtaining, possessing, transferring, or using identifying information with the intent to harm or defraud—is conduct that is 'essentially non-communicative, even if the conduct includes spoken words.'" *Id.* (quoting *Scott v. State*, 322 S.W.3d at 670); *see* TEX. PENAL CODE ANN. § 32.51(b). The statute focuses on conduct not to target acts of expression, but to address the harms resulting from identity theft. *Id.* at 366, 375. Thus, we concluded that the regulated conduct is essentially non-communicative and does not implicate First Amendment protections. *Id.* at 375–76. We further conclude, even if section 32.51(b) did regulate communicative conduct, however, that conduct would not be protected by the First Amendment because it invades another's privacy interests to harm them. *Id.* at 375.

Appellant argues that section 32.51(b) unconstitutionally criminalizes the use of identifying information in political attacks and for leverage in negotiations. *See* TEX. PENAL CODE ANN. § 1.07(a)(25) (defining harm as "anything reasonably regarded as a loss, disadvantage, or injury."). He provides the following examples of conduct that would be prohibited: releasing a birth certificate to prove a candidate's ineligibility for office; using voter registration records to prove an opponent voted in the other party's primary; providing criminal or bankruptcy records to the news media; and using a person's criminal record for concessions in a divorce proceeding. Contrary to Appellant's assertion, however, the Court of Criminal Appeals has recognized that the statute's purpose is to prevent identity theft because it is included within the Fraud subchapter of the Texas Penal Code. *Jones v. State*, 396 S.W.3d 558, 562–63 (Tex. Crim. App. 2013). The statute's purpose is not to criminalize the use of identifying information in political attacks or for leverage in negotiations. *See id.* Thus, these examples do not meet the intent requirement of the statute, which is to harm or to defraud another. *See id.*; *see also Horhn*, 481 S.W.3d at 376.

Because in *Horhn*, we concluded that section 32.51(b) does not implicate the First Amendment, we likewise concluded that the "statute is not overbroad because it does not reach 'a substantial amount of constitutionally protected conduct.'" *Id.* at 376 (citing *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S.

8

489, 494, 102 S. Ct. 1186, 1191 (1982); *Garcia v. State*, 212 S.W.3d 877, 889 (Tex. App.—Austin 2006, no pet.)). We also held that "because section 32.51(b) does not implicate the First Amendment it is not a content-based restriction on speech." *Id.* (citing *Ex parte Thompson*, 442 S.W.3d at 334).

Because he raises the same arguments rejected in *Horhn*, we conclude that Appellant failed to show that section 32.51(b) is facially unconstitutional. *Horhn*, 481 S.W.3d at 376; s*ee also Ex parte Lo*, 424 S.W.3d at 15; *Rodriguez*, 93 S.W.3d at 69. We hold that the trial court did not err in denying Appellant's motion to quash the indictment.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Massengale.

Publish. TEX. R. APP. P. 47.2(b).

9