**Affirmed and Opinion filed July 14, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00059-CR

## EX PARTE TINA MARIE HARRINGTON

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1489384**

## OPINION

In this appeal from the denial of a pretrial writ of habeas corpus, we consider a facial challenge to the constitutionality of Section 32.51 of the Texas Penal Code. We conclude that the challenged statute, which was enacted to combat identity theft, is not unconstitutional on its face. We therefore affirm the trial court's judgment denying habeas relief.

## BACKGROUND

Appellant was indicted for engaging in organized criminal activity, based on a predicate that she committed or conspired to commit an offense under Section

32.51. The indictment alleged that appellant obtained and possessed fifty or more items of identifying information, most of which consisted of the names and social security numbers of different individuals.

Appellant applied for a pretrial writ of habeas corpus, seeking to set aside her indictment because Section 32.51 is unconstitutional. Appellant asserted three reasons in the trial court for her requested relief. First, she argued that the statute is overbroad on its face because it restricts protected speech in violation of the First Amendment. Second, she argued that the statute is void for vagueness. And third, she argued that the statute is unconstitutional because it creates a thought crime.

The trial court denied relief. Appellant now reiterates her challenges in this court, although she presents her arguments in a slightly different order. Appellant also expands on her arguments in one respect, claiming that the statute is unconstitutional because it violates the Dormant Commerce Clause. We do not address the argument pertaining to the Dormant Commerce Clause because appellant raised it for the first time in this court, and it was not preserved for appellate review. *See* Tex. R. App. P. 33.1.

## STANDARD OF REVIEW

Normally, a trial court's ruling on an application for writ of habeas corpus is reviewed for an abuse of discretion. *See Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.). However, this case presents a facial challenge to the constitutionality of a statute, which is a purely legal question. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). Therefore, our standard of review is de novo. *Id.*

# OVERBREADTH

In most cases, a facial challenge to the constitutionality of a statute can succeed only when the statute is shown to be unconstitutional in all of its applications. *See State v. Rosseau*, 396 S.W.3d 550, 557–58 (Tex. Crim. App. 2013). And usually, the defendant does not have the sort of prudential standing to challenge a statute on the ground that it may be unconstitutional when applied to the conduct of others. *See State v. Johnson*, 475 S.W.3d 860, 864 (Tex. Crim. App. 2015). However, under the First Amendment's overbreadth doctrine, a statute may be declared unconstitutional on its face, even if the statute has a legitimate application, and even if the defendant was not engaged in activity protected by the First Amendment. *Id.* at 864–65.

A statute is overbroad if the statute sweeps within its coverage of proscribed activities a substantial amount of speech or other conduct protected by the First Amendment. *See Bynum v. State*, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989). To invalidate a statute under the overbreadth doctrine, the person challenging the statute must demonstrate that there are a substantial number of instances in which the statute cannot be applied constitutionally. *See Johnson*, 475 S.W.3d at 865. The danger that the statute will be applied unconstitutionally must be "realistic" and not based on "fanciful hypotheticals." *Id.*

The overbreadth doctrine arises out of a concern that protected speech will be chilled by regulation. *Id.* That concern becomes attenuated, however, as the regulated activity moves from pure speech towards noncommunicative conduct. *Id.* "Rarely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct that is necessarily associated with speech (such as picketing or demonstrating)." *Id.*

## A.    Construction of the Statute.

The first step in an overbreadth analysis is to construe the challenged statute. *Id.* at 871. In material part, Section 32.51 provides as follows:

> A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent.

Tex. Penal Code § 32.51(b)(1).

Several words in this statute (or their grammatical variation) are defined in the Penal Code, and their statutory definitions track their common understanding. *See id.* § 1.07(a)(11) (consent); *id.* § 1.07(a)(25) (harm); *id.* § 1.07(a)(39) (possession); *see also id.* § 1.07(b) ("The definition of a term in this code applies to each grammatical variation of the term."). The phrase "identifying information" is also defined statutorily. It means:

> [I]nformation that alone or in conjunction with other information identifies a person, including a person's:
>> (A) name and date of birth;
>>
>> (B) unique biometric data, including the person's fingerprint, voice print, or retina or iris image;
>>
>> (C) unique electronic identification number, address, routing code, or financial institution account number;
>>
>> (D) telecommunication identifying information or access device; and
>>
>> (E) social security number or other government-issued identification number.

*Id.* § 32.51(a)(1).

Based on the statute's plain language, we construe Section 32.51 as a straightforward proscription against the improper possession or use of another

4

person's private identifying information. This construction honors the purpose of the statute, which the Court of Criminal Appeals has said is "to prevent identity theft." *See Jones v. State*, 396 S.W.3d 558, 562 (Tex. Crim. App. 2013). There is no textual basis for construing the statute as a regulation of speech, the free exchange of ideas, or communicative conduct protected by the First Amendment.

## B.    The Statute Does Not Implicate the First Amendment.

In *Horhn v. State*, the First Court of Appeals was called to decide the same question presented here: whether Section 32.51 is overbroad on its face in violation of the First Amendment. *See Horhn v. State*, 481 S.W.3d 363, 372 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). The First Court rejected the overbreadth challenge, holding that the statute does not implicate the First Amendment because the statute regulates conduct that is "essentially noncommunicative, even if the conduct includes spoken words." *Id.* at 375; *see also Williams v. State*, No. 01-15-00736-CR, — S.W.3d —, 2016 WL 3571296, at \*3 (Tex. App.—Houston [1st Dist.] June 30, 2016, no pet. h.) (reaffirming *Horhn*).

The First Court based its decision on *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010), *abrogated on other grounds by Wilson v. State*, 448 S.W.3d 418 (Tex. Crim. App. 2014). That case involved a challenge to a different statute, which prohibited the making of harassing phone calls. *See Scott*, 322 S.W.3d at 669. To be convicted under the harassment statute, a person is not required to use spoken words, but the person must engage in conduct with the specific intent to harass, annoy, alarm, abuse, torment, embarrass, or offend another. *See* Tex. Penal Code § 42.07(a)(4). The Court of Criminal Appeals held that the statute did not implicate the First Amendment because a person who violated the statute would not have the intent to engage in the legitimate communication of ideas, opinions, or information. *See Scott*, 322 S.W.3d at 670. Instead, the person would only have the

intent to inflict emotional distress for its own sake, which is not protected activity. *Id.* To the extent that the statute could be applied to conduct that involved spoken words, the Court held that the statute would still not violate the First Amendment because the right of free speech is not absolute, and the First Amendment does not protect communicative conduct that "invades the substantial privacy interests of another (the victim) in an essentially intolerable manner." *Id.*

An offense under Section 32.51 occurs only when a person obtains, possesses, transfers, or uses another person's identifying information, without the other person's consent, and "with the intent to harm or defraud" that other person. *See* Tex. Penal Code § 32.51(b). The intent required of Section 32.51 is similar to the *mens rea* requirement of the harassment statute. Also like the harassment statute, Section 32.51 does not specifically require spoken words or other inherently communicative activity.

We agree with our sister court that *Scott* is instructive and that Section 32.51 does not implicate the First Amendment.[1] *See Horhn*, 481 S.W.3d at 375–76. On its face, Section 32.51 is "not susceptible of application to communicative conduct that is protected by the First Amendment." *Id.* at 375. And to whatever extent that the statute might be applied to communicative conduct, such conduct would not be protected by the First Amendment because possessing or using another person's identifying information with the intent to harm or defraud that person is conduct that invades the person's substantial privacy interests in an essentially intolerable manner. *Id.*

---

[1] Because Section 32.51 does not implicate the First Amendment, we need not address appellant's argument that the statute fails the strict scrutiny standard for content-based regulations.

Appellant responds that *Horhn* should not be followed because the First Court did not consider every context in which identifying information may be used. Appellant conjures an example in which a speaker criticizes another person, either in oral or written form. Appellant contends that the speaker in this example would face criminal liability under Section 32.51 because the use of a "person's name alone" qualifies as the use of identifying information.

Appellant's legal premise is incorrect. In *Cortez v. State*, the Court of Criminal Appeals held that "a person's name alone is inadequate to constitute an item of identifying information." *See Cortez v. State*, 469 S.W.3d 593, 600 (Tex. Crim. App. 2015). Thus, Section 32.51 would not authorize a conviction simply because a person spoke ill of another.

## THOUGHT CRIME

Appellant's next three arguments invoke the First Amendment, the Due Course of Law provision of the Texas Constitution, and the Cruel and Unusual Punishment provision of the Eighth Amendment to the United States Constitution. Each of the arguments focuses on the idea that Section 32.51 may be construed to punish thoughts. Appellant contends that thoughts qualify as the "possession" of information, which means that a person can be charged for merely thinking about another person, without that other person's consent, and with the intent to harm or defraud that other person. If the statute is applied in this manner, appellant argues that there is no *actus reus*. Continuing with that premise, appellant contends that an offense without an *actus reus* violates the overbreadth doctrine of the First Amendment, as well as the other two constitutional provisions mentioned.

An offense must have an *actus reus*. *See Ramirez-Memije v. State*, 444 S.W.3d 624, 627 (Tex. Crim. App. 2014). Section 6.01 of the Texas Penal Code addresses this fundamental requirement. That statute provides that a person

7

commits an offense "only if he voluntarily engages in conduct, including an act, an omission, or possession." *See* Tex. Penal Code § 6.01(a). The statute then explains that possession qualifies as a voluntary act "if the possessor knowingly obtains or receives the thing possessed." *Id.* § 6.01(b). Applying Section 6.01 to the current context, a person can only face criminal liability under Section 32.51 for possessing the identifying information of another if the person knowingly obtained or received that information without the other's consent. *See Ramirez-Memije*, 444 S.W.3d at 628.

> Appellant makes the following argument in her brief:
>
> If I know (i.e. possess) someone's name (i.e. identifying information), I commit no crime, but if I know someone's name and intend to defraud or harm him, I commit a felony under Section 32.51: this is a thought crime—I may be punished for simply thinking about a crime, or for mere daydreams.

This argument muddles the distinction between the *actus reus* and the *mens rea*. Under Section 32.51, a person engages in proscribed activity (the *actus reus*) if the person "obtains, possesses, transfers, or uses" an item of identifying information without the other person's consent. *See* Tex. Penal Code § 32.51(b). "Thinking about a crime" does not fit the description of any of these proscribed activities. However, having a criminal thought could describe the culpable mental state (the *mens rea*) if the person engaged in a proscribed activity "with the intent to harm or defraud another." *Id.* The thought itself would not be punishable, but the proscribed activity would be. And if the proscribed activity was the possession of identifying information, the act of possession would encompass the act of *coming into* possession of that information. *Id.* § 6.01(b).

We conclude that Section 32.51 contains an *actus reus* requirement and does not proscribe mere thought crimes.

## VAGUENESS

In her fifth point of error, appellant argues that Section 32.51 is void for vagueness. A statute is unconstitutionally vague if its prohibitions are so unclearly defined that a person of ordinary intelligence cannot understand what conduct is prohibited. *See Martinez v. State*, 323 S.W.3d 493, 507 (Tex. Crim. App. 2010). Appellant argues that Section 32.51 is vague because it incorporates an "all-encompassing harm standard." Appellant refers to the statutory definition of "harm," which means "anything reasonably regarded as loss, disadvantage, or injury." *See* Tex. Penal Code § 1.07(a)(25). She then applies this broad definition to the context of speech, arguing that a speaker may feel compelled to "steer far wider of the unlawful zone" by avoiding words that could be construed as harmful.

Appellant's vagueness argument seems to resemble a variation of her overbreadth challenge. But as we explained above, Section 32.51 targets conduct, not protected speech, and it is not overbroad in violation of the First Amendment.

To the extent that appellant argues that the statute is void for vagueness, her argument lacks merit. The word "harm" is defined under the Penal Code, and a person of ordinary intelligence can comprehend from that definition and from the language of Section 32.51 that the prohibited conduct is identity theft, which is not constitutionally protected. We conclude that the statute is not unconstitutionally vague.

**CONCLUSION**

The trial court's judgment is affirmed.

/s/    Tracy Christopher
        Justice

Panel consists of Justices Boyce, Christopher, and Jamison.
Publish — Tex. R. App. P. 47.2(b).