

## NUMBER 13-17-00136-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JOVEIDI MARIANA-RIVERA,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 23rd District Court
## of Wharton County, Texas.

# MEMORANDUM OPINION

## Before Justices Contreras, Longoria, and Hinojosa
## Memorandum Opinion by Justice Hinojosa

Appellant Joveidi Mariana-Rivera challenges the trial court's denial of his pretrial application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West, Westlaw through 2017 1st C.S.). In what we construe as one issue, which is based on three constitutional provisions, Mariana-Rivera contends that the trial court erred in

denying his application because section 32.51 of the penal code, which criminalizes the fraudulent use or possession of identifying information, *see* TEX. PENAL CODE ANN. § 32.51 (West, Westlaw through 2017 1st C.S.), is unconstitutional on the grounds that it creates a "thought crime" in violation of the United States Constitution's (1) First Amendment, (2) Due Process Clause, and (3) Eighth Amendment.   We affirm.

## I. BACKGROUND

Mariana-Rivera was indicted for possessing less than five items of identifying information of another person—specifically a social security number—with the intent to harm or defraud another.   *See id.*   Mariana-Rivera applied for a pretrial writ of habeas corpus on the ground that the statute is facially unconstitutional.   The trial court denied relief, and Mariana-Rivera appeals the trial court's denial of habeas relief.   *See Ex parte Smith*, 178 S.W.3d 797, 301 (Tex. Crim. App. 2005) ("The denial of relief on a pretrial writ of habeas corpus may be appealed immediately, but the denial of a pretrial motion may be appealed only after conviction and sentencing.").

## II. DISCUSSION

### A.   Standard of Review

Normally, a trial court's ruling on an application for writ of habeas corpus is reviewed for an abuse of discretion.   *See Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.).   However, this case presents a facial challenge to the constitutionality of a statute, which is a purely legal question.   *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).   Therefore, our standard of review is de novo.   *Id.*

2

**B.     Applicable Law**

Section 32.51 of the Texas Penal Code provides in relevant part:

(a)     In this section:

(1)     "Identifying information" means information that alone or in conjunction with other information identifies a person, including a person's:

. . . .

(E)     social security number or other government-issued identification number.

(b)     A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of:

(1)     identifying information of another person without the other person's consent;

(2)     information concerning a deceased natural person, including a stillborn infant or fetus, that would be identifying information of that person were that person alive, if the item of information is obtained, possessed, transferred, or used without legal authorization; or

(3)     identifying information of a child younger than 18 years of age.

(c)     An offense under this section is:

(1)     a state jail felony if the number of items obtained, possessed, transferred, or used is less than five. . . .

TEX. PENAL CODE ANN. § 32.51(a)(1)(E), (b), (c)(1).

In our review, we "presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it." *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see* TEX. GOV'T CODE ANN. § 311.021(1), (3) (West, Westlaw through 2017 1st C.S.); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.

3

Crim. App. 2002). If the statute may be construed in two different ways, and one construction sustains the validity of the statute, we must use the construction that sustains the statute's validity. *Maloney*, 294 S.W.3d at 626. The party who challenges the statute bears the burden of establishing that it is unconstitutional. *See State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

## C. Analysis

The issue presented by Mariana-Rivera is nearly identical to the one addressed by our sister court in *Ex parte Harrington*, 499 S.W.3d 142 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd), and it is similar to an issue addressed in *Ex parte Sanchez*, No. 01-16-00180-CR, 2016 WL 4253731 (Tex. App.—Houston [1st Dist.] Aug. 11, 2016, no pet.) (mem. op., not designated for publication). Both opinions are instructive.

Mariana-Rivera argues that section 32.51 may be construed to punish thoughts. He contends that thoughts qualify as the "possession" of information, which means that a person can be charged for merely thinking about another person, without that other person's consent, and with the intent to harm or defraud that other person. If the statute is applied in this manner, Mariana-Rivera argues that there is no *actus reus*. Continuing with that premise, he contends that an offense without an *actus reus* violates the overbreadth doctrine of the First Amendment, as well as the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment.

An offense must have an *actus reus*. *See Ex parte Harrington*, 499 S.W.3d at 148 (citing *Ramirez–Memije v. State*, 444 S.W.3d 624, 627 (Tex. Crim. App. 2014)). Section

4

6.01 of the Texas Penal Code addresses this fundamental requirement. That statute provides that a person commits an offense "only if he voluntarily engages in conduct, including an act, an omission, or possession." *See* TEX. PENAL CODE ANN. § 6.01(a) (West, Westlaw through 2017 1st C.S.). The statute then explains that possession qualifies as a voluntary act "if the possessor knowingly obtains or receives the thing possessed." *Id.* § 6.01(b). Applying section 6.01 to the current context, a person can only face criminal liability under Section 32.51 for possessing the identifying information of another if the person knowingly obtained or received that information without the other's consent. *See Ex parte Harrington*, 499 S.W.3d at 148 (citing *Ramirez–Memije*, 444 S.W.3d at 628).

As the habeas applicant in *Harrington*, Mariana-Rivera argues:

> If I know (i.e. possess) someone's Social Security Number I commit no crime, but if I know someone's Social Security Number and intend to embarrass (i.e. harm) him or someone else, I commit a felony under Section 32.51: This is a thought crime—I may be punished for simply thinking about a crime, or for mere daydreams.

In response to this argument, our sister court wrote:

> This argument muddles the distinction between the *actus reus* and the *mens rea*. Under Section 32.51, a person engages in proscribed activity (the *actus reus*) if the person "obtains, possesses, transfers, or uses" an item of identifying information without the other person's consent. *See* TEX. PENAL CODE § 32.51(b). "Thinking about a crime" does not fit the description of any of these proscribed activities. However, having a criminal thought could describe the culpable mental state (the *mens rea*) if the person engaged in a proscribed activity "with the intent to harm or defraud another." *Id.* The thought itself would not be punishable, but the proscribed activity would be. And if the proscribed activity was the possession of identifying information, the act of possession would encompass the act of coming into possession of that information. *Id.* § 6.01(b).

5

We conclude that Section 32.51 contains an *actus reus* requirement and does not proscribe mere thought crimes.

*Ex parte Harrington*, 499 S.W.3d at 148. The analysis in *Harrington* is persuasive, Mariana-Rivera provides us with no argument for why we should deviate from our sister court, and we decline to do so.

In *Ex parte Sanchez*, the court addressed a similar "thought crime" argument by looking to the text of the statute. Specifically, the court wrote:

> The [Texas] Penal Code defines "possession" as "actual care, custody, or management," terms which suggest physical possession of tangible items. TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2011). Black's Law Dictionary similarly defines possession in terms that suggest control of physical items, referring to it as "the exercise of dominion over property." Possession, BLACK'S LAW DICTIONARY (10th ed. 2014). Because the usual definition of the term assumes physical control, we construe possession in this context to require physical control of identifying information in written or recorded form. See TEX. PENAL CODE ANN. §§ 1.07(a)(39), 32.51; *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Goldberg v. State*, 95 S.W.3d 345, 373 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). This construction comports with the general purpose of the [Texas] Penal Code, which is to deal with actually or potentially harmful conduct. *See* TEX. PENAL CODE ANN. § 1.02.

Although *Sanchez* is an unpublished memorandum opinion and lacks precedential value, *see* TEX. R. APP. P. 47.7(a), as with *Harrington*, we find it persuasive. Also as with *Harrington*, Mariana-Rivera provides us with no argument for why we should deviate from our sister court, and we decline to do so.

Mariana-Rivera's sole issue is overruled.

6

## III. CONCLUSION

The trial court's judgment is affirmed.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2018.